CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
November 18, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Nik Sams
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | | |
|---|---|---|
| **ELEVATE SALON LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** 3:26cv120 |
| **v.** | ) | |
| | ) | **Complaint for Trademark** |
| **ELEVATE HEADSPA STUDIO, LLC d/b/a ELVAYA HEADSPA** | ) | **Infringement** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **and** | ) | |
| | ) | |
| **TRACY ROBERTS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Elevate Salon LLC, by counsel, hereby brings its Complaint against Defendants Elevate Headspa Studio, LLC d/b/a Elvaya Headspa, and Tracy Roberts, and in support thereof alleges and states as follows:

## PARTIES

1. Plaintiff Elevate Salon LLC ("Elevate Salon") is a Virginia limited liability company with its principal place of business at 1208 Carlton Ave, Charlottesville, VA, 22902.

2. Defendant Elevate Headspa Studio, LLC ("EHS") is a Virginia limited liability company with its principal place of business at 2075 Bond St Ste 170, Charlottesville, VA, 22901. EHS has done business under the name "Elevate Headspa" and, more recently, under the name "Elvaya Headspa (formerly Elevate Headspa)." Its registered agent is Virginia Registered Agent Services LLC, whose registered office is 8401 Mayland Dr., Ste V, Henrico, VA, 23294.

3. Defendant Tracy Roberts is the Member-Manager of EHS, in which capacity she is EHS's principal corporate officer. Roberts directed or authorized the infringing actions identified herein, and has continued to do so despite being made aware of their infringing nature. Roberts also personally applied, in her own name, to register ELEVATE HEADSPA as a federal trademark, as set forth below.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338, and § 1367.

5. Personal jurisdiction and venue (under 28 U.S.C. § 1391) are proper in this Court because Defendant EHS has its principal place of business in this District, and Roberts resides in this District.

## FACTUAL ALLEGATIONS

6. Elevate Salon was formed in 2015, with the initial name of "The Cutting Edge Salon LLC."

7. It became "Elevate Salon" on August 23, 2022, when it filed Articles of Amendment to change its name to Elevate Salon LLC, and it publicly launched under the name "Elevate Salon + Spa" on October 29, 2022, with new signage bearing that name in place by October 31, 2022.

8. Elevate Salon has been operating its salon and spa business under the primary name "Elevate" (including as "Elevate Salon" and "Elevate Salon + Spa") since then (the

"Elevate Mark"), and has come to be associated with salon and spa services within the greater Charlottesville market[1] (hereafter, the "Territory") since then.

9. Elevate Salon began advertising its services at the same time at https://www.elevatesalonva.com/. It also advertises and offers its services under the Elevate Mark through its storefront signage, its Instagram account (@elevatesalonva), its Google Business Profile and Google Maps listing, online advertising directed to the Charlottesville area, client emails and text messages, online booking, and gift cards.

10. This includes both hair (cut, color, and extensions) as well as more traditional spa services.

11. This includes services generally classified as "headspa," including an extended scalp massage, which Elevate Salon has offered since May 2023, and a "scalp revitalizer" treatment, which Elevate Salon first sold in April 2024, in each case before EHS opened for business.

12. EHS didn't open for business until May 2024.

13. However, because EHS purported to offer services including "restorative scalp therapy" under the principal business name "Elevate," by December 2024 Elevate Salon was seeing significant confusion in the marketplace, when customers (of both businesses) would go to the wrong business location because of confusing Google Maps results or confusion as to which was the "right" Elevate for their appointment.

14. Further, in January 2025, a customer who had booked an appointment with EHS arrived at Elevate Salon's place of business instead.

---

[1] The Charlottesville Metropolitan Statistical Area (MSA) includes the City of Charlottesville, Albemarle County, Fluvanna County, Greene County, Nelson County and the incorporated town of Scottsville.

15. That customer confusion resulted is unsurprising, given there is a substantial similarity of the services offered by EHS which were already being offered by Elevate, including scalp treatments, K18 treatments, blow dry styling, and facial services. The two businesses are located approximately three miles apart.

16. Elevate Salon and Elevate Headspa both operate within International Class 044 in the general fields of hair care, skin care, salon, and spa services.

17. In that same vein, both were required to obtain cosmetology licenses from the Virginia Department of Professional and Occupational Regulation's Board for Barbers and Cosmetology before opening their respective businesses.

18. On February 6, 2025, Elevate Salon registered its name with the Virginia State Corporation Commission, and was issued a Certificate of Registration Trademark for the mark ELEVATE SALON + SPA (File No. 14845).

19. However, as noted above, because EHS continued to operate under the principal name of "Elevate," customer confusion continued:

a. On February 22, 2025, a repeated customer of Elevate Salon informed Elevate Salon that she tried showing her mother Elevate Salon's website; she mistakenly accessed Elevate Headspa's website instead.

b. On February 26, 2025, a wife called Elevate Salon demanding a refund for an Elevate Salon gift card that her husband purchased for her; the husband confused the businesses and bought a gift card from Elevate Salon while the wife asked for an Elevate Headspa gift card. Elevate Salon refunded the purchase.

c. On March 19, 2025, a customer arrived at Elevate Salon's place of business and tried using a gift card that was for Elevate Headspa.

20. Accordingly, on April 4, 2025, Elevate Salon's counsel wrote a letter to EHS' counsel identifying all of the above, and demanding that EHS cease and desist its infringing use of "Elevate" in its name and advertising.

21. EHS refused, and continued to operate and advertise under the name "Elevate Headspa."

22. Since that time, customer confusion has continued, as follows:

a. On May 29-30, 2025, Elevate had to refund two gift cards purchased in error, with the customer intending to purchase gift cards for EHS at her mother's request.

b. On August 22, 2025, a customer came to Elevate Salon's place of business with a gift card issued by EHS.

c. On October 23, 2025, a customer emailed Elevate Salon because she could not tell whether a gift card she had received was for Elevate Salon or for EHS.

d. On November 13, 2025, a customer sent Elevate Salon a text message asking whether the two businesses were the same.

e. On November 25, 2025, a customer purchased an Elevate Salon gift card believing it was for EHS, and Elevate Salon refunded the purchase.

f. On December 15, 2025, a customer contacted Elevate Salon by text message and email seeking to book a headspa service using a gift card issued by EHS.

g. On December 20, 2025, a customer of EHS sent Elevate Salon a text message reporting that her GPS had directed her to the wrong location; Elevate Salon had no appointment for her.

h. On December 22, 2025, a customer sent Elevate Salon a receipt issued by EHS, believing it to be Elevate Salon's.

i. On January 7, 2026, three separate customers confused the two businesses. A new client of Elevate Salon went to the wrong location, and later wrote in a public Google review that it was "a little confusing because I went to the wrong elevate salon." A second client, booked with Elevate Salon for a bang trim, went to the wrong location while following Google Maps. A third booked an appointment with Elevate Salon intending to use an "Elevate Head Spa" gift card and, when the error was explained, cancelled, remarking that "[t]he names are similar."

j. On January 11, 2026, a new client booked with Elevate Salon for hair color and a haircut went to EHS's location instead.

k. On January 23, 2026, a new client of Elevate Salon went to the wrong business, and another customer cancelled an appointment with Elevate Salon because she believed she had booked with EHS.

l. On January 29, 2026, a customer emailed Elevate Salon to inquire about services that are offered by EHS, not by Elevate Salon.

m. On February 3, 2026, a new hair-color client of Elevate Salon went to the wrong location.

n. On February 5, 2026, a customer purchased an Elevate Salon gift card, realized he had confused the two businesses, and requested and received a refund.

23. The confusion is attributable to Defendants' use of the name "Elevate," not to any particular service. Several of the customers described above were booked with Elevate Salon for

ordinary hair services, such as a bang trim, hair color, or a haircut, and many of the incidents involved gift cards, business addresses, map listings, or websites.

24. Both businesses, and their respective customers, have commonly referred to each business simply as "Elevate." The term "headspa," by contrast, merely describes a type of service, which a number of unrelated businesses in and around the Territory offer under names that do not include "Elevate."

25. Defendants have themselves publicly acknowledged the confusion. In or about late November 2025, Roberts posted a video addressing confusion between the businesses' names, and on December 1, 2025, EHS posted the following on its Instagram account, @elevateheadspa: "We know there's been some confusion with similarly named businesses, so we want to assure you that you're in the right place. This is the official home of Elevate Headspa."

26. Rather than cease their use of "Elevate," Defendants sought to expand their claim to it. In or about December 2025, more than eight months after Elevate Salon's April 4, 2025 demand, Roberts applied in her own name to register ELEVATE HEADSPA with the United States Patent and Trademark Office (Serial No. 99556313), and EHS applied to register ELEVATE HEADSPA EXPERIENCE (Serial No. 99560203), each for services in International Class 044.

27. Elevate Salon has opposed Roberts' application before the Trademark Trial and Appeal Board (Opposition No. 91308518) and has opposed EHS's application as well (Opposition No. 99560203). Both applications remain pending, and on July 27, 2026, Roberts filed an answer in Opposition No. 91308518 asking that her application for ELEVATE HEADSPA proceed to registration.

28. On February 20, 2026, Elevate Salon's counsel sent Roberts a final written demand that Defendants immediately cease all use of "Elevate" in their business name and advertising, and enclosed a draft of this Complaint.

29. Defendants did not cease using "Elevate." Instead, after receiving that demand, Defendants began holding the business out as "Elvaya Headspa," a coined name that is itself similar in appearance and sound to "Elevate," while continuing to identify the business as "formerly Elevate Headspa."

30. As of the filing of this Complaint, Defendants continue to use "Elevate" to identify their business, including as follows:

a. EHS's listing on the Vagaro online booking platform identifies the business as "Elvaya Headspa™ (formerly Elevate Headspa™)."

b. EHS's Facebook page is titled "Elvaya Headspa Formerly Elevate Headspa."

c. EHS continues to maintain an Instagram account under the name @elevateheadspa, the profile of which states that "Elevate Headspa™ has rebranded our Cville location to DBA Elvaya Headspa" and identifies Roberts as the "[s]ame owner."

d. EHS continues to appear on Yelp under the name "Elevate Headspa," accompanied by a photograph of its "Elevate Headspa" signage, in a listing that appears directly above Elevate Salon's in searches for scalp treatments in Charlottesville.

e. Internet searches for headspa services in Charlottesville return results identifying EHS as "Elvaya Headspa Formerly Elevate Headspa" and "Elvaya Headspa (formerly ELEVATE HEADSPA)."

31. Defendants' continued use of "Elevate Headspa" is not a temporary or incidental notice of a change of name. Defendants display it as part of the name of the business on the platforms through which customers search for, book, and pay for services; Defendants continue to append a "™" symbol to "Elevate Headspa"; Defendants describe the change as a rebranding of only their "Cville location"; and Defendants continue to pursue federal registration of ELEVATE HEADSPA and ELEVATE HEADSPA EXPERIENCE.

32. Indeed, a customer searching for "Elevate Salon Charlottesville" on Google is just as likely to see Defendant's business returned as the first option as they are the Plaintiff's, and while the header may indicate it is "Elvaya Headpa" the body of the result still identifies it as "Elevate Headspa" at 2075 Bond St. #170 (i.e. the Defendant's location):




33. Although EHS and Roberts have been made aware of all of the above, Defendants refuse to cease the use of "Elevate" in connection with their business, and indeed continue to

hold EHS out as “formerly Elevate Headspa” and to seek federal registration of marks incorporating “Elevate.”

34. Accordingly, Elevate Salon has no choice but to seek judicial relief.

**COUNT I**
**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)**

35. Elevate Salon realleges all allegations in this Complaint as if stated herein.

36. Elevate Salon has common law rights in the Elevate Mark within the Territory based on its ongoing use of the mark as identified above.

37. Defendants have used, and continue to use, the Elevate Mark without permission from Elevate Salon, including in the names “Elevate Headspa,” “Elevate Headspa Experience,” and “Elvaya Headspa (formerly Elevate Headspa).”

38. Defendants’ infringing use of the Elevate Mark has already caused, and is likely to continue to cause, both confusion and mistake as to the affiliation, connection or association of the parties as to the origin, sponsorship, or approval of the Elevate Mark.

39. Additionally, the failure to cease infringement after repeated demands to cease were made, and Defendants’ continued use of “Elevate Headspa” alongside a nominal change of name, show a willful infringement of the Elevate Mark.

40. Defendants willfully, intentionally, maliciously, deliberately and in bad faith infringed (and are infringing) the Elevate Mark with knowledge that such use would or was likely to cause confusion and deceive others, including by their continued use of the Elevate Mark despite notification by Elevate Salon.

41. As a direct and proximate result of Defendants’ trademark infringement, Elevate Salon has been damaged within the meaning of 15 U.S.C. § 1125(a).

42. This case qualifies for attorneys' fees pursuant to 15 U.S.C. § 1117.

43. Elevate Salon's remedies at law are not adequate to compensate for injuries inflicted by Defendants.

44. Accordingly, Elevate Salon is also entitled to temporary, preliminary and permanent injunctive relief.

**COUNT II**
**COMMON LAW TRADEMARK INFRINGEMENT**

45. Elevate Salon realleges all allegations in this Complaint as if stated herein.

46. By reason of all of the foregoing, Elevate Salon has acquired common law trademark rights in the Elevate Mark.

47. The actions of Defendants complained of herein are likely to create confusion, mistake, and deception of consumers into believing that Defendants are associated with the common law trademark rights in the Elevate Mark.

48. On information and belief, the acts and conduct of Defendants complained of herein constitute willful and deliberate misuse and infringement of Elevate Salon's common law rights in the Elevate Mark and will continue in willful and wanton disregard of Elevate Salon's valuable rights.

49. The foregoing acts of Defendant constitute misuse and infringement of the Elevate Mark in violation of the common law of the Commonwealth of Virginia.

50. By reason of all the foregoing, Elevate Salon is damaged by Defendant's willful use of the Elevate Mark in the manner set forth above.

51. Elevate Salon has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause

irreparable injury and damage to Elevate Salon for which Elevate Salon has no adequate remedy at law.

**COUNT III**
**STATUTORY AND COMMON LAW UNFAIR COMPETITION**

52. Elevate Salon realleges all allegations in this Complaint as if stated herein.

53. The actions of Defendants complained of herein constitute a misuse and misappropriation of Elevate Salon's rights by the unlawful use by Defendants of the Elevate Mark and the goodwill associated therewith, all of which constitute unfair competition and trade practices, false advertising and passing off under 15 U.S.C. § 1125(a) and the common law of the United States and Commonwealth of Virginia.

54. The acts and conduct of Defendants complained of herein are willful and wanton, constituting intentional misconduct or gross negligence.

55. By reason of the foregoing, Elevate Salon is being damaged by Defendants' willful use of the Elevate Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the mark.

56. Elevate Salon has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendants' acts have caused and will continue to cause irreparable injury and damage to Elevate Salon for which Elevate Salon has no adequate remedy at law.

**COUNT IV**
**INFRINGEMENT OF REGISTERED MARK UNDER VA. CODE § 59.1-92.12**

57. Elevate Salon realleges all allegations in this Complaint as if stated herein.

58. Elevate Salon owns the mark ELEVATE SALON + SPA, which is registered in the Commonwealth of Virginia under the Virginia Trademark and Service Mark Act, Va. Code §

59.1-92.1 *et seq*. (File No. 14845, issued February 6, 2025) (the "Registered Mark"). The registration is valid and subsisting.

59. Since the Registered Mark was registered, and without Elevate Salon's consent, Defendants have used in the Commonwealth of Virginia colorable imitations of the Registered Mark, including "Elevate Headspa," "Elevate Headspa Experience," and "Elvaya Headspa (formerly Elevate Headspa)," in connection with the sale, offering for sale, and advertising of salon and spa services, and have applied those imitations to signs and advertisements used in connection with those services.

60. Defendants' use of those imitations is likely to cause, and has caused, consumer confusion, mistake, or deception as to the source or origin of the services, in violation of Va. Code § 59.1-92.12.

61. Defendants committed these acts knowingly. Defendants have known of Elevate Salon's rights, and of the confusion their use was causing, since at least April 4, 2025, and, on information and belief, have continued to use those imitations with knowledge that they are intended to cause confusion, mistake, or deception.

62. As a direct and proximate result, Elevate Salon has been damaged, and it is entitled under Va. Code § 59.1-92.13 to injunctive relief, to Defendants' profits and its own damages, to the destruction or other disposition of infringing materials, and to its reasonable attorneys' fees.

WHEREFORE, Plaintiff Elevate Salon LLC respectfully requests that the Court enter judgment in its favor and against the Defendants for Federal Trademark Infringement, Common Law Trademark Infringement, Infringement of a Virginia Registered Mark, and Common Law

Unfair Competition, and award damages, plus prejudgment interest, post judgment interest, and any other relief the Court deems just and proper, including, but not limited to:

A. Compensatory damages and Defendants' profits, as permitted by 15 U.S.C. § 1117(a) and Va. Code § 59.1-92.13;

B. All costs and fees, including reasonable attorneys' fees, incurred by it bringing and maintaining this action.

C. Preliminary and permanent injunctive relief enjoining Defendants from using the Elevate Mark, and from using, advertising, promoting or rendering goods or services with the Elevate Mark, or any other trade name or trademark confusingly similar to the same, including without limitation "Elevate Headspa," "Elevate Headspa Experience," and any description of Defendants' business as "formerly Elevate Headspa" or as formerly known by any other name incorporating "Elevate."

D. Ordering Defendants to alter all web pages to promptly remove the Elevate Mark from all websites, social media accounts and account names (including the Instagram account @elevateheadspa), online booking platforms, business directory and map listings, signage, gift cards, and advertising materials owned or operated on behalf of Defendants;

E. Ordering Defendants to expressly abandon U.S. Trademark Application Serial Nos. 99556313 and 99560203, and enjoining Defendants from seeking to register any mark incorporating "Elevate" for salon, spa, or related services; and

F. Such other and further relief as the Court deems just and proper given the facts and circumstances herein.

Respectfully Submitted,

ELEVATE SALON LLC

By Counsel

_*/s/ David W. Thomas*_______________________

David W. Thomas, Esq. (VSB No. 73700)
MichieHamlett PLLC
310 4th Street NE, 2nd Floor
Charlottesville, VA 22902
Tel. 434-951-7224
Fax. 434-951-7244
dthomas@michiehamlett.com